# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEMETRIUS D. CASON,

    Petitioner,

-vs-                                          Case No. 8:16-cv-2089-T-36AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida prisoner, initiated this action by filing a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). He subsequently filed an amended petition (Doc. 5). Thereafter, Respondent filed a response to the amended petition (Doc. 9), to which Petitioner replied (Doc. 10).

The amended petition alleges one ground for relief:

    1.    DOUBLE JEOPARDY VIOLATION, WHERE THE COURT INCREASED THE PETITIONER['S] SENTENCE TO LIFE WITHOUT PAROLE (Doc. 5, pp. 4-7)

Upon consideration, the Court concludes that the amended petition will be DENIED.

## I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Petitioner was charged with two counts of first-degree murder, which are capital felonies (Doc. 9-1, Exhibit 1). He was found guilty as charged by a jury (*Id.*, Exhibit 2). During the penalty phase of the trial,[1] the jury was instructed, in pertinent part, that "[i]f you find these aggravating

---

[1] In Florida, a capital murder trial is conducted in two phases - a guilt phase and, if necessary, a penalty phase. *See* Fla. Stat. § 921.141.

circumstances do not justify the death penalty, your advisory sentence should be one of life imprisonment without the possibility of parole for 25 years." (*Id.*, Exhibit 15, docket p. 95). The jury recommended a sentence of life imprisonment without the possibility of parole for 25 years on both counts (*Id.*, Exhibit 3). The court sentenced Petitioner in accordance with the jury's recommendation (*Id.*, Exhibit 4).

Petitioner filed a post-conviction motion under Rule 3.800(a), Florida Rules of Criminal Procedure, in which he asserted that his sentences were illegal because they were not authorized by statute and that the only available alternative to the death penalty was life imprisonment without any possibility of parole (*Id.*, Exhibit 5). He argued that resentencing him to life without parole would be a more severe sentence and therefore violate double jeopardy (*Id.*). Accordingly, he argued, the only alternative was to enter convictions for second-degree murder (rather than first-degree murder) and sentence him according to the sentencing guidelines in effect at the time of the offenses (*Id.*). The Rule 3.800(a) motion was granted because at the time of the murders the only legal sentence that could be imposed for first-degree murder was either death or life without parole (*Id.*, Exhibit 7).

Before he was resentenced, Petitioner filed a motion and a memorandum of law in which he argued that the imposition of life imprisonment without the possibility of parole would violate double jeopardy (*Id.*, Exhibits 8, 9). The motion and memorandum were denied because the state court found that there would be no double jeopardy violation, since there was no "acquittal" by the jury of life imprisonment without any possibility of parole and because Petitioner did not have an expectation of finality in the illegal sentences (*Id.*, Exhibit 10). Petitioner thereafter was resentenced to life imprisonment without the possibility of parole on both counts (*Id.*, Exhibit 11). His sentences

2

were affirmed on appeal (*Id.*, Exhibit 13).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal

3

court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## III. ANALYSIS

**Ground One**

Petitioner contends that the state trial court violated the constitutional prohibition against double jeopardy by resentencing him to life in prison without the possibility of parole after he was originally sentenced to life in prison without the possibility of parole for 25 years. He argues that in light of the "trial-like" sentencing proceeding in a first-degree murder case in Florida, he was implicitly "acquitted" of a sentence of life without the possibility of parole when the jury

4

recommended, and the court imposed, a sentence of life without the possibility of parole for 25 years.

In state court, Petitioner raised this claim on appeal from his resentencing judgment (Doc. 9-1, Exhibit 12). In affirming, the appellate court cited to, among other things, *Dunbar v. State*, 89 So. 3d 901 (Fla.2012) (*Id.*, Exhibit 13). *Dunbar* held that because the criminal defendant did not have a legitimate expectation of finality in a sentence that the trial court had no discretion to impose, the trial court's correction of the sentence to add nondiscretionary mandatory minimum terms did not violate double jeopardy. *Id.*, 89 So. 3d at 906-07.

The state appellate court's denial of this claim is not contrary to clearly established federal law. "[A] court may always correct an illegal sentence to make the sentence conform to the statutory minimum. . .without violating the double jeopardy clause." *Butler v. Sec'y, Dep't of Corr.*, 2011 WL 5359416, at *4 (M.D. Fla. Nov. 3, 2011) (citing *Bozza v. United States*, 330 U.S. 160 (1947)). Neither Petitioner nor Respondent disputes that the original sentence of life in prison without the possibility of parole for 25 years was illegal under Florida law. At the time Petitioner committed the murders in November 1994, the only legal sentence was either death or life in prison without the possibility of parole. *See* Fla. Stat. § 775.082(1) (1995) ("A person who has been convicted of a capital felony shall be punished by death. . ., otherwise such person shall be punished by life imprisonment and. . .shall be ineligible for parole."). Accordingly, the state court did not violate double jeopardy when it corrected the illegal sentence and resentenced Petitioner to a sentence that conformed to the statutory minimum. *See Bozza*, 330 U.S. at 166 (concluding that trial court "did not twice put petitioner in jeopardy for the same offense" by subsequently imposing a fine that was omitted during sentencing and mandatory under the statute petitioner violated, since "[t]he

5

sentence as corrected, impose[d] a valid punishment for an offense instead of an invalid punishment for that offense.").

Petitioner argues that because the penalty phase was "trial-like" in his case, and an "advisory" jury recommended a sentence of life in prison without the possibility of parole for 25 years, he was implicitly "acquitted" of life in prison without the possibility of parole. In support of his argument, Petitioner cites to, among other cases, *Bullington v. Missouri*, 451 U.S. 430 (1981) for the proposition that "[t]he double jeopardy clause prohibits an increase in sentence when a jury [in a capital case] previously declined to impose a greater sentence." (Doc. 10, p. 6).

*Bullington* is distinguishable from Petitioner's case. There, the jury had to decide between the only two sentences authorized by law: 1) death, or 2) life imprisonment without eligibility for probation or parole for 50 years. *Id.*, 451 U.S. at 432. The jury chose the latter alternative. *Id.*, 451 U.S. at 435-36. After Bullington was granted a new trial, the State filed a notice stating that it intended to seek the death penalty. *Id.*, 451 U.S. at 436. The Supreme Court concluded that the Double Jeopardy Clause prohibited the State from resentencing Bullington to death after the jury had in effect acquitted him of that penalty. *Id.*, 451 U.S. at 444-46.

In Petitioner's case, he was not resentenced to death after the jury had in effect acquitted him of that penalty by recommending life imprisonment without the possibility of parole for 25 years. Rather, the court resentenced Petitioner to life imprisonment without the possibility of parole, the only legal sentence other than death that Petitioner could have received under Florida law. Additionally, the jurors in Petitioner's case were instructed that if they found that the aggravating circumstances did not justify the death penalty, their "advisory sentence should be one of life inprisonment [sic] without the possibility of parole for 25 years." (Doc. 9-1, Exhibit 15, docket p.

95). The jurors therefore did not in effect acquit Petitioner of life imprisonment without the possibility of parole because they were never given the option to recommend that sentence. *See Sattazahn v. Pennsylvania*, 537 U.S. 101, 109 (2003) ("[T]he touchstone for double-jeopardy protection in capital-sentencing proceedings is whether there has been an 'acquittal.'").

Accordingly, because the state appellate court's denial of this claim is neither contrary to clearly established federal law nor based on an unreasonable determination of the facts, Ground One does not warrant federal habeas relief. 28 U.S.C. § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been determined to be without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 5) is **DENIED**. The **Clerk** is directed to enter judgment accordingly and close this case.

2. A Certificate of Appealability (COA) is **DENIED** in this case, since Petitioner cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And because Petitioner is not entitled to a COA, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on May 16, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner *pro se*
Counsel of Record